PETER O'NEAL'S SURETIES *v.* THE STATE.

STATUTE OF LIMITATION. *Suit by State.* The statute of limitation of two years and six months in favor of executors and administrators, do not apply to actions brought by the State.

FROM MONTGOMERY.

Appeal in error from the Circuit Court of Montgomery county. Jo. C. STARK, J.

GOODLETT & LEACH for Pettus.

SMITH & LURTON and Z. W. EWING for The State.

DEADERICK, C. J., delivered the opinion of the court.

Verdict and judgment were rendered in favor of the State in three cases, against Stephen and J. H. Pettus, executors of Thos. F. Pettus, deceased, the testator being one of the sureties of Peter O'Neal, on his three several bonds as clerk of the county court of Montgomery county. From each of said judgments the said executors of Pettus have appealed.

The suits were brought for failure of the principal in the bonds to pay over the revenue due the State, collected by him as clerk of said county court.

The defense relied on in each case was the plea of the statute of limitations of two years and six months filed by said executors. They also filed pleas that the said O'Neal had fully accounted for and paid over the amount collected by him. But this defense is not pressed, and the argument made here is, that a recovery is barred by the statutes of limitations of two and a half and seven years.

The statute of seven years is not pleaded, but that of two or two and a half is pleaded in each of the cases. And if both acts were formally pleaded by the executors, there is no evidence to show when they were qualified as executors, or that they do, in any event, fall within the protection of either statute.

Beside, both these statutes are embraced in Part III, Title I, Chapter 2 of the Code, at sections 2784 and 2786. And by section 2762 of the same chapter, it

is expressly provided that the provisions of said chapter 2, do not apply to actions brought by the--State.

The result is, that there is no error in said judgments, and they will be affirmed.